JEW
~~~~/
W RC by JEW

# NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2020 CA 0880

JOSHUA MARCHAND

VERSUS

LOUISIANA DEPARTMENT OF PUBLIC SAFETY AND
CORRECTIONS

JUDGMENT RENDERED:    **FEB 2 5 2021**

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number C680666 • Section 24

The Honorable Donald R. Johnson, Judge Presiding

* * * * * * *

Joshua Marchand, D.O.C. #562859
*Rayburn Correctional Center*
Angie, Louisiana

APPELLANT
PLAINTIFF—*Pro Se*

Debra A. Rutledge
*Deputy General Counsel*
Baton Rouge, Louisiana

ATTORNEY FOR APPELLEE
DEFENDANT—Louisiana
Department of Public
Safety and Corrections

* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

Joshua Marchand, an inmate in the custody of the Louisiana Department of Public Safety and Corrections ("Department") confined to the Rayburn Correctional Center, appeals a judgment of the district court dismissing his petition for review of administrative remedy procedure number RCC-2018-816 ("ARP") in accordance with La. R.S. 15:1171, *et seq.*

Marchand's incarceration is the result of two separate proceedings in St. Tammany Parish, Louisiana. The first proceeding, docket number 466312, involved the offenses of production and manufacture of marijuana (count 1) and bank fraud (count 2). With respect to these offenses, Marchand was sentenced on January 4, 2010 to five years in the custody of the Department on both counts; however, the sentences were suspended and Marchand was placed on five years of active probation, having served one day in custody on those sentences (*i.e.*, when he was initially booked into custody on March 15, 2009 and released the next day after posting bond). The sentences in counts 1 and 2 were ordered to run concurrently with each other.

The second proceeding, docket number 505349, involved the offense of felony carnal knowledge of a juvenile. Marchand's arrest on March 10, 2011 for the offense in 505349 resulted in his remand and the revocation of his probation on March 17, 2011 in 466312. Marchand was then sentenced in 466312 on both counts to four years and six months in the custody of the Department. The sentences were ordered to run concurrently with each other. Considering the date of the offenses and the fact that both offenses were non-violent offenses, Marchand's ability to earn diminution of sentence or "good time" on these sentences was governed by "Act 572," *i.e.*, La. R.S. 15:571.3, as it existed pursuant to amendment by 2006 La. Acts, No. 572.

Thereafter, on September 8, 2011, in 505349, Marchand was sentenced to

2

eight years in the custody of the Department. The sentence in 505349 was silent as to how it would run with his sentences in 466312, and as such, it runs consecutive to those sentences. See La. C.Cr.P. art. 883. Further, with regard to this sentence, Marchand was not eligible to earn good time. See La. R.S. 15:537, as enacted by 1999 La. Acts, No. 1209 ("Act 1209").

On September 16, 2016, Marchand was released into parole supervision (not good time parole supervision) by order of the Louisiana Board of Pardons and Parole and he was to remain under parole supervision until September 8, 2023. However, on October 18, 2017, Marchand was remanded to the custody of the Department on a parole warrant.

Marchand subsequently filed the instant ARP regarding the calculation of his release date and credits for time served. The Department issued its first step response explaining its calculations for Marchand's sentences in both 466312 and 505349 and its calculation of his release date. Following the first step response, Marchand's master prison record was corrected. Marchand disagreed with the Department's determination, particularly its determination that the sentence in 466312 (rather than the sentence in 505349) was "controlling" when he was returned to the custody of the Department in 2011. But, the Department determined, in its second step response, that the first step response was clear and concise and that it adequately addressed the issues raised by Marchand in his ARP. The Department also pointed out to Marchand that sentences are served in the order in which they are received, and that his time computations were considered correct and would not be amended.

Marchand then commenced this proceeding in the district court, seeking review of the Department's decision in the ARP and claiming that the Department erred in calculating his release dates because it was applying improper good time rates, denying him credit for time served in actual custody and while on good

3

behavior after his good time release, and by using the wrong sentence as the controlling sentence. Thereafter, on February 21, 2020, the Commissioner assigned to the matter issued an extensive report, which pointed out that Marchand's sentences in 466312 were his controlling sentences because those sentences were imposed before the sentences in 505349, performed and explained the calculations of Marchand's sentences, including the applicable good time rates and other credits, and concluded that the Department had correctly calculated Marchand's sentences. Accordingly, the commissioner recommended that Marchand's petition be dismissed because there was no evidence that the Departments's decision in the ARP was arbitrary, capricious, manifestly erroneous, or that it was in violation of his statutory or constitutional rights. See La. R.S. 15:1177(A)(9). Pursuant to a judgment signed by the district court on March 9, 2020, the district court adopted the commissioner's report and dismissed Marchand's ARP at his cost. From this judgment, Marchand has appealed, essentially asserting the same arguments that he did in the district court—that the Department erred in calculating his release dates because it was applying improper good time rates, denying him credit for time served in actual custody and while on good behavior after his good time release, and by using the wrong sentence as the controlling sentence.

After a thorough review of the record, Marchand's brief, and the commissioner's report, we find Marchand's claim has no merit. We agree with the commissioner's report, which we attach hereto as Appendix "A," because it fully explains our decision, addresses the issues raised by Marchand, and contains a correct and comprehensive calculation of Marchand's sentences and release date, including the applicable good time rates and credits for time served. Accordingly, the March 9, 2020 judgment of the district court dismissing Marchand's petition to review administrative remedy procedure number RCC-2018-816 is affirmed in

4

compliance with Uniform Rules—Courts of Appeal, Rule 2-16.2(A)(5), (6), (7), (8), and (10). All costs of this appeal are assessed to the plaintiff/appellant, Joshua Marchand.

**AFFIRMED.**

EAST BATON ROUGE PARISH
Filed Feb 21, 2020 1:28 PM
Deputy Clerk of Court

C-680666
24

Appendix A

| | |
|---|---|
| JOSHUA MARCHAND<br>DOC#562859 | NUMBER: 680,666 SECTION 24 |
| | 19TH JUDICIAL DISTRICT COURT |
| VERSUS | |
| | PARISH OF EAST BATON ROUGE |
| DEPARTMENT OF CORRECTIONS,<br>ET AL. | STATE OF LOUISIANA |

## COMMISSIONER'S REPORT

The Petitioner, an offender in the physical custody of the Department of Public Safety and Corrections, filed the instant petition for judicial review of ARP No. RCC-2018-816 seeking review in accordance with R.S. 15:1171 et seq. The Petitioner argues the Department erred in calculating his release dates by applying improper good time rates, denying him credit for time served in actual custody and while on good behavior after his good time release, and by using the wrong sentence as the controlling sentence.

After service, the Department filed into the suit record the entire administrative record of ARP No. RCC-2018-816, which has been accepted and marked as Exhibit A in globo. Both parties were notified of their right to file briefs in support of their positions and any briefs filed have been included in the record for the Court's review and convenience. This report is issued on the record alone in accordance with law for the Court's *de novo* consideration and adjudication on the merits of the Petitioner's claim for relief.

### ANALYSIS OF THE FACTS AND LAW

The scope of this Court's review is limited by R.S. 15:1177(A)(5) & (9), which states, in pertinent part, as follows:

"(5)  The review shall be conducted by the Court without a jury and shall be confined to the record. The review shall be limited to the issues presented in the petition for review and the administrative remedy request filed at the agency level.

(9)  The court may reverse or modify the decision only if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

a.  In violation of constitutional or statutory provisions;

b.  In excess of the statutory authority of the Agency;

c.  Made upon unlawful procedure;

d.  Affected by other error of law;

e.  Arbitrary or capricious or characterized by an abuse of discretion or clearly unwarranted exercise of discretion; or

f.  Manifestly erroneous in view of the reliable, probative and substantial evidence on the whole record."



In this case, the Petitioner filed the instant petition for judicial review of ARP No RCC-2018-816 seeking review in accordance with R.S. 15:1171 et seq. The Petitioner argues the Department erred in calculating his release dates by applying improper good time rates, denying him credit for time served in actual custody and while on good behavior after his good time release, and by using the wrong sentence as the controlling sentence. Specifically, the Petitioner argues he served 1,835 days (5 years, 8 days) of his 8 year sentence in docket number 505349 prior to his release onto parole supervision on September 16, 2016. He argues he served 1 year, 1 month, and 15 days on good behavior in docket number 505349 before his parole was revoked. He argues the Department erred in finding that he owed 4 years, 1 day in docket number 505349 upon his return to custody. He argues the Department is running his sentence in docket number 466312 flat when it should be under Act 280. He argues the Department erred in not listing his sentence in docket number 505349 as the controlling sentence. As relief, he seeks the correction of his release dates in accordance with his arguments.

After service, the Department filed into the suit record the entire administrative record of ARP No. RCC-2018-816, which has been accepted and marked as Exhibit A in globo. The Department denied the Petitioner's allegations and maintained that his sentences have been calculated correctly. The Department also provided the Petitioner's initial grievance, the first and second step responses, and other documents such as the master prison record and revocation documents. The sentencing minutes in docket numbers 466312 and 505349 were not provided nor was any documentation showing the Petitioner's period of incarceration prior to his release onto parole supervision in September of 2016. This Commissioner issued a stay and remand order directed to the Department to provide sentencing minutes in docket numbers 466312 and 505349 and a master prison record showing the periods of incarceration in each sentence prior to his first release onto parole supervision.

The Department filed its Notice of Compliance on October 3, 2019 in response to this Court's stay and remand order. This supplement to the record has been accepted and marked as Exhibit B in globo and contains the information requested by this Commissioner. The record shows the offenses in docket number 466312 were committed in St. Mary Parish on or about December 17, 2008 (count 2 bank fraud) and March 15, 2009 (count 1 prod/manf marijuana). The Petitioner was booked into custody on March 15, 2009 on both offenses. He posted bond and was released one day later. The Petitioner was sentenced on January 4, 2010 in both counts to 5 years in the custody of the Department. That sentence was suspended and the Petitioner was placed on 5 years active supervised probation with the Office of Probation and Parole having served 1 day in custody on these sentences. These sentences in counts 1 and 2 were

ordered to run concurrent with each other.

On March 10, 2011 the Petitioner was remanded in docket number 466312 after having been arrested in St. Mary Parish that same day in what would become docket number 505349. The Petitioner's probation in docket number 466312 was revoked on March 17, 2011 after the Petitioner admitted to violating his conditions of probation. These sentences are his controlling sentences as they were imposed before his sentence in docket number 505349. The Petitioner was sentenced in docket number 466312 in both counts 1 and 2 to terms of 4 years, 6 months in the custody of the Department. His sentences were ordered to run concurrently with each other. Given the date of the offenses and the fact that both were non-violent offenses, the Petitioner was committed to the custody of the Department under good time Act 572 (46.15%).

In docket number 505349, the Petitioner was sentenced on September 8, 2011 for one count of felony carnal knowledge of a juvenile to a term of 8 years in the custody of the Department. The sentencing court was silent as to how this sentence would run meaning it would run consecutive to the sentences being served in the controlling sentence in docket number 466312. The Petitioner would be required to serve this sentence without the benefit of diminution of sentence as R.S. 15:571.3(B)(3) prevented eligibility for early release for good behavior for such an offense (Act 1209). Given that this sentence would run consecutively to the sentences imposed in docket number 466312, the Petitioner would not receive credit for time served from March 10, 2011 to September 8, 2011 as La.C.Cr.P. art. 880[1] prohibited jail credits for overlapping sentences. That time served would only be applied to his sentences in docket number 466312. The Petitioner provides no evidence to show the sentencing court in docket number 505349 intended his sentence to run concurrent with 466312 or that he was to be awarded with overlapping jail credits on his consecutive sentence.

In docket number 466312, the Petitioner would have a full term release date of September 8, 2015 (1,635 days from March 17, 2011). His good time release date would have been April 5, 2013 (749 must serve days from March 17, 2011).[2] Once the Petitioner reached his good time release date in docket number 466312 on April 5, 2013 he began serving his sentence in docket number 505349 as these sentences are running consecutive to each other.

In docket number 505349, the nature of the Petitioner's offense required that he serve his sentence flat without the benefit of release onto good time parole supervision. He began serving his sentence in docket number 505349 on April 5, 2013 once he "good timed out" on docket number 466312. An 8 year sentence equals 2,922 days. As stated above, the Petitioner

---

[1] La.C.Cr.P. art. 880(B) states: "A defendant shall receive credit only for time in actual custody and only once during any calendar month when consecutive sentences are imposed."

[2] 4 years, 6 months = 1,643 days x 46.15% good time rate = 758 – 8 days jail credit = 750 days must serve. March 17, 2011 sentencing date must serve 750 days = April 5, 2013 good time release date.

did not earn jail credits in docket number 505349 as these sentences are computed consecutively. As such, the Petitioner owed the full 2,922 days in docket number 505349 resulting in a release date of April 5, 2021 (the Department shows April 4, 2021).[3] The Petitioner would have full termed on docket number 505349 on April 5, 2021 had the parole board not released him early.

On September 16, 2016, the Petitioner was released onto parole supervision (not good time parole supervision) by order of the Louisiana Board of Pardons & Parole and he was to remain on parole supervision until September 8, 2023.[4] Upon his release from the physical custody of the Department, the Petitioner had served 758 days (which includes jail credits) in docket number 466312 (from March 17, 2011 to April 5, 2013) and 1,260 days in docket number 505349 (from April 5, 2013 to September 16, 2016). **The remaining balance owed in docket number 466312 was 885 days (2 years, 5 months, 4 days).[5] The remaining balance owed in docket number 505349 was 1,662 days (4 years, 6 months, 19 days).[6]**

On October 18, 2017, the Petitioner was remanded on a parole warrant. Until that date, the Petitioner had been on parole supervision for 397 days (1 year, 1 month, 2 days). His parole was revoked in both docket number 466312 and docket number 505349 on November 1, 2017 for an additional 14 days in custody. The Petitioner is not entitled to credit for time served for these 14 days in custody in docket number 505349 prior to revocation pursuant to La.C.Cr.P. art. 880 as these sentences are consecutive; but, the Department gave him credit for those 14 days in docket number 505349. The Petitioner was credited with 397 days in "street credits" in docket number 466312 pursuant to Act 792 for time spent on good behavior while on parole. Again, La.C.Cr.P. art. 880 prohibits the Petitioner from receiving credit for those street credits in docket number 5053419 as it is running consecutive to docket number 466312 (the controlling sentence). The Petitioner's release dates in docket number 466312 are as follows:

**Docket Number 466312**

➢ 885 days – 397 street credit – 14 days jail credit = 474 days owed in full

➢ November 1, 2017 + 474 days owed in full = February 18, 2019[7]

➢ 885 days – 397 days street credit = 488 days x 35% gt rate = 170 – 14 days jail credits = 156 must serve days before release onto good time parole supervision

➢ November 1, 2017 + 156 days = **April 5, 2018 good time release date**

---

[3] April 5, 2013 plus 2,922 days = April 4, 2021.
[4] See Certificate of Parole in Exhibit B in globo.
[5] 4 years, 6 months = 1,643 days – 758 days served in custody = 885 days (2 years, 5 months, 4 days).
[6] 8 years = 2,922 days – 1,260 days served in custody = 1,662 days (4 years, 6 months, 19 days).
[7] This full term release date assumes docket number 466312 is the only sentence being served. Docket number 466312 is interrupted when he reaches his good time release date and will resume once he finishes serving his sentence in docket number 505349 should he serve the full sentence without early release.

Given the above totals owed in each docket number and the fact that the Petitioner's sentence in docket number 505349 will not begin running again until he reaches his good time release date in docket number 466312 on April 5, 2018, the Petitioner's release dates in docket number 505349 are as follows:

**Docket Number 505349**

➢ 1,662 – 14 days jail credit = 1,648 days owed in full

➢ April 5, 2018 + 1,648 days = October 9, 2022 full term release date[8]

This Commissioner believes the Department has correctly calculated his sentences. As stated in the first step response, corrections were made to the erroneous master prison record initially issued to the Petitioner and issued a new master prison record. The Petitioner's appeal to this Court stems from his position that docket number 505349 is his controlling sentence and that he is owed additional time for good behavior while on parole – credit that was applied to docket number 466312 and not docket number 505349.

In his initial grievance dated November 8, 2018, the Petitioner states the following:

"My current Master Prison Record reflects that my sentence remaining under Act 1209 offense, Docket Number 505349, is four (4) years and one (1) day, this is incorrect. Same Master Prison Record also reflects that the time remaining, Docket No. 466312, is as Flat Time, this is also incorrect as I was sentenced under Good Time Act 280. From September 8, 2011, to September 16, 2016, 5 years, 8 days, is what I served on Docket No. 505349, an 8-year sentence, before being released on parole. This left me with two (2) years, eleven (11) months, twenty-three (23) days left to complete sentence for Docket No. 505349. From September 16, 2016, to November 1, 2017, one (1) year, one (1) month, fifteen (15) days, as credit for time served while on parole, subtracted from the back of my sentence calculation should drop my F.T.D. to July 7, 2022 and subtracted from the time I had remaining on Docket No. 505349, two (2) years, eleven (11) months, fifteen (15) days, should have me completing the sentence on September 9, 2019. From the completion of sentence for Docket No. 505349 on September 09, 2019, until the newly established F.T.D. on July 7, 2022, is under Good Time Act 280, Docket No. 466312, which should put my release date on or very near to September 4, 2020."[9]

Based upon information cited by the Petitioner and as provided by the Department in its compliance found in Exhibit B in globo, the rap sheet cited by the Petitioner appears to have been printed on or about November 8, 2018 which is the date the Petitioner lists on his grievance. This rap sheet states the Petitioner, upon his revocation on November 1, 2017, owed 2 years, 11 months, 20 days in docket number 466312 and 4 years and 1 day in docket number 505349. This Commissioner cannot reconcile these totals and they do not reflect the calculated totals of time owed as provided in the master prison record in the Department's initial answer to this Court. That rap sheet appears to have been corrected by the time the first step response was issued on December 22, 2018. The response states the following:

---

[8] This is his full term release date in docket number 505349 without early release from the Parole Board.
[9] See the Petitioner's initial grievance dated November 8, 2018 in the administrative record in Exhibit A in globo.

"On Docket #466312 your total sentence length prior to revocation was four years and six months or 1.643 days. If you subtract the eight days you received for jail credit, you then owed a balance on that docket of 1,635 days. Of those 1,635 days you had to complete the "must serve" portion which was 749 days before you were to begin serving on the consecutive Docket #505349. This made the must serve date for that docket April 5, 2013, at that time. If you subtract the 749 days that you served on this docket from your total sentence length of 1,635 days it will make the balance owed for this docket 886 days or two years, five months, three days which you are not serving under Act 280. You received 14 days jail credit and 397 days of jail credit and your "must serve" date on this docket is now April 5, 2018.

On Docket #505349 your total sentence length was eight years or 2,922 days. You served from March 17, 2011, on Docket #466312 and then began serving on Docket #505349, consecutively on April 5, 2013. You served flat time on Docket #505349 until you released on parole on September 16, 2016, which was a total of 1.260 days served. If you subtract 1,260 days that you served on this docket from your balance owed 2,922 days it leaves 1,662 days as your balance owed on docket #505349 which equals four years, six months, and 19 days under Act 1209 flat time which you are serving under since April 5, 2018. Your total sentence length remains, six years, 11 months, and 21 days. This makes your release date October 9, 2022, where you will then release to serve the remainder of your sentence under supervision for Docket #466312, until your full term date of August 22, 2023.

You will receive a new Master Prison Record reflecting the changes on the balance owed for each Docket. No further relief is warranted."

This "total sentence length" of "six years, 11 months, and 21 days" is the entirety of the sentences owed in docket numbers 466312 and 505349. This Commissioner also notes that the statement that the Petitioner's full term date is August 22, 2023, while correct, is misleading. It is misleading because the Petitioner, assuming he serves the full 1,648 days in custody on docket number 505349 and does not release onto straight parole again, will release onto good time parole supervision on docket number 466312 owing nothing more on docket number 505349. The Petitioner stopped accruing credit for time served in docket number 466312 on April 5, 2018 when he "good timed out" and began serving his sentence in docket number 505349. Once the Petitioner full terms on his sentence in docket number 505349 on October 9, 2022, he will release onto good time parole supervision in docket number 466312 (owing 318 days on his sentence) until August 22, 2023. The Petitioner's full term date in docket number 466312 in actuality is not February 18, 2019 as stated on the master prison record because these sentences are running consecutively.

The Petitioner's appeal to the second step was also denied as it was determined "sentences are served in the order in which they are received" and his time computation is considered correct. In his petition for judicial review, the Petitioner maintains that his controlling sentence is docket number 505349 and the Department is calculating his sentence in docket number 466312 flat. The Petitioner's statement that from September 8, 2011 to September 16, 2016 he served his sentence in docket number 505349 is incorrect. His statement that he accrued street credit from September 16, 2016 to November 1, 2017 in docket number

6

505349 is incorrect. His statement that he will begin serving docket number 466312 upon completion of docket number 505349 is incorrect. The Petitioner's controlling sentence is docket number 466312 as he was sentenced in that matter first. The Petitioner is not entitled to credit for time served in docket number 505349 as it was imposed consecutive to docket number 466312 and any time served is applied towards docket number 466312. The Department's calculations are correct and an accurate reflection of the sentencing minutes and master prison record.

This Court's review is limited to the administrative record and the petition for judicial review. The burden of proof in any civil administrative appeal is with the Petitioner. The Petitioner fails to provide any evidence that the Department's decision in ARP No. RCC-2018-816 was arbitrary, capricious, manifestly erroneous, or that it was in violation of his statutory or constitutional rights. The provisions of La.C.Cr.P. art. 880 are clear that the Petitioner is not entitled to overlapping jail credits or street credits on consecutive sentences and he provides no evidence that the sentencing court intended that he receive any credit other than what is allowed by law. He provides no evidence to show that docket number 505349 is his controlling sentence. Without additional evidence in support of his claim, this Court should affirm the Department's second step response in ARP No. RCC-2018-816 and dismiss the Petitioner's appeal with prejudice and at the Petitioner's costs.

Should the Court agree with this analysis, my formal recommendation follows.

## COMMISSIONER'S RECOMMENDATION

Having carefully reviewed the administrative record herein, and the law applicable, it is the recommendation of this Commissioner that the Department's decision to deny the Petitioner's request for administrative remedy in **ARP No. RCC-2018-816** was neither arbitrary, capricious, manifestly erroneous, nor was it in violation of the Petitioner's statutory or constitutional rights. Therefore, I recommend that the Department's decision should be affirmed, thereby dismissing this appeal with prejudice at the Petitioner's costs.

Respectfully recommended this **21st** day of **February**, 2020 in Baton Rouge, Louisiana.

I HEREBY CERTIFY THAT ON THIS DAY A COPY OF THE WRITTEN REASONS FOR JUDGMENT / JUDGMENT / ORDER / COMMISSIONER'S RECOMMENDATION WAS MAILED BY ME WITH SUFFICIENT POSTAGE AFFIXED. SEE ATTACHED LETTER FOR LIST OF RECIPIENTS.

DONE AND MAILED ON February 24, 2020

_____
DEPUTY CLERK OF COURT

_____
NICOLE ROBINSON
COMMISSIONER, SECTION A
NINETEENTH JUDICIAL DISTRICT COURT